**Carl WALKER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12511.**

Criminal Court of Appeals of Oklahoma.

Oct. 2, 1957.

Clayton Carder, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Carl Walker, defendant below, was charged by information in the County Court of Kiowa County, Oklahoma, with the offense of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, said offense allegedly committed on the 20th day of December, 1956. He was tried by a jury, convicted, and his punishment fixed at a fine of $50 and confinement in the county jail for a period of ten days. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant was observed driving his automobile approximately one and one-half miles south of Snyder, Kiowa County, Oklahoma, by Roy Eakins, Deputy Sheriff of Tillman County, Oklahoma. He was driving in the direction of Snyder and Deputy Eakins saw him weaving from side to side across the road and off the highway several times. He arrested the defendant and held him for the Sheriff of Kiowa County, whom he notified by means of his automobile radio. Eakins searched the defendant's automobile and found a small quantity of whiskey remaining in a bottle under the seat.

Deputy Sheriff Killingsworth of Kiowa County testified that he answered the call and went to the scene of the violation and there observed the defendant. So also did Sheriff E. O. Peters of Kiowa County who was in Snyder at the time of the alleged offense. These three officers testified the defendant talked in a silly manner, was unsteady and staggered on his feet, and all declared him to be intoxicated.

The defendant offered no testimony in his own behalf. The record clearly supports the jury's finding of guilt. It is axiomatic that conflicting evidence presents a question for the sole determination of the jury, and where there is any evidence in the record reasonably tending to support the jury's finding, the same will not be vacated, reversed, or set aside on appeal.

Affirmed.

POWELL and NIX, JJ., concur.